UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

SHARUNDA LYNETTE PREVO          CIVIL ACTION NO. 16-cv-0230

VERSUS                          JUDGE HICKS

JENNIFER PENNINGTON, ET AL      MAGISTRATE JUDGE HORNSBY

**REPORT AND RECOMMENDATION**

**Introduction**

ShaRunda Lynette Prevo ("Plaintiff"), who is self-represented, filed this civil action against several defendants including the Department of Children and Family Services ("Department"), employees of the Department, state court judges, her former attorney, and others. Her lengthy complaint alleges a years-long series of proceedings in the state courts that have resulted in Plaintiff losing custody of her children to their father, who Plaintiff accuses of sexually assaulting her and not properly caring for the children. For the reasons that follow, it is recommended that the civil action be dismissed.

**Authority to Screen Complaint**

Plaintiff is proceeding in forma pauperis. Under 28 U.S.C. § 1915(e)(2)(B), the district court shall dismiss an IFP complaint at any time if it determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous if it lacks an arguable basis in law or fact. It lacks an arguable basis in law if it is

based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist. The complaint lacks an arguable basis in fact if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless. Rogers v. Boatright, 709 F.3rd 403, 407 (5th Cir. 2013).

**Summary of the Allegations**

Plaintiff's allegations date back to 2010 when she complains employees of the Department filed fraudulent documents to have Plaintiff's children illegally removed from her care and placed in foster care. Plaintiff alleges that the Department intentionally gave false information to the Springhill police, which resulted in Plaintiff being arrested and allowed her children to be placed into foster care. The prosecutor allegedly dismissed the criminal charges in July 2013, but Plaintiff complains that she had to fight the legal system in the interim three years.

She complains of various rulings and actions taken by state district judges John Robinson, Jennifer Clason, and Glenn Fallin. She complains that the judges ignored her several pro se motions, denied various forms of requested relief, required her to agree to garnishment of wages for child support when she could not afford it, would not issue a restraining order against her former domesticate partner, and allowed her children to be given to the custody of their allegedly abusive father.

**Judicial Immunity**

Plaintiff directs several of her allegations at state district judges John Robinson, Glenn Fallin, and Jennifer Clason. Her claims against them are subject to dismissal under Section 1915(e)(2)(B) because judges enjoy absolute judicial immunity from liability for damages arising out of performance of their judicial duties. Mireles v. Waco, 112 S.Ct. 286, 288 (1991). That immunity is not overcome by allegations of bad faith or malice. Pierson v. Ray, 87 S.Ct. 1213 (1967) ("[I]mmunity applies even when the judge is accused of acting maliciously and corruptly"). Whether an act by a judge is a judicial one relates to the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in her judicial capacity. Mireles, 112 S.Ct. at 288.

The Fifth Circuit has adopted a four-factor test for determining whether a judge's actions were judicial in nature: (1) whether the precise act complained of is a normal judicial function; (2) whether the acts occurred in the courtroom or appropriate adjunct spaces such as the judge's chambers; (3) whether the controversy centered around a case pending before the court; and (4) whether the acts arose directly out of a visit to the judge in his official capacity. Davis v. Tarrant County, 565 F.3rd 214, 222 (5th Cir. 2009). These factors are broadly construed in favor of immunity. Id.

In this case, the conduct challenged by Plaintiff unequivocally falls within a judge's authority as judicial officer of the court and in the ordinary exercise of judicial duties.

Plaintiff complains repeatedly of rulings made by the judges, the time taken to issue rulings, and other matters that focus on the judicial duties of the judges carried out in their courtroom or chambers in legal proceedings pending before the judges. Each of the judges is entitled to immunity from all claims asserted in the complaint.

**Department and Child Protection Workers**

    **A. Introduction**

Plaintiff's allegations begin with events in 2010 regarding proceedings surrounding the custody of her children. She alleges that criminal charges against her were dismissed in July 2013, and she complains that she reported abuse of her children to the Department in 2013 and 2014, but Department employees failed to take action to protect the children Plaintiff also alleges that she made such complaints in 2015, but those allegations are directed only at the Department in general and not specific employees. Plaintiff alleges that in August 2014 Alma Malone and Gayle Tate, Support Enforcement employees, initiated a garnishment of her wages "based on a fraudulent child support case" presided over by Judge Clason. She complains that the employees continued to illegally garnish her wages even after she told them that she was not working due to an injury and was disabled.

    **B. Timeliness; Individual Employees**

Plaintiff complains primarily about events in 2010, with most of the events she complains of ending by 2014. All allegations that target specific employees regard events

that happened between 2010 and 2014. Plaintiff did not file her complaint with this court until February 2016.

Whether Plaintiff asserts claims under Louisiana tort law or 42 U.S.C. § 1983, her claims are subject to a one-year period of limitations. Elzy v. Roberson, 868 F.2d 793, 794-95 (5th Cir. 1989); Treadwell v. St. Tammany Parish Jail, 599 Fed. Appx. 189 (5th Cir. 2015). Federal law determines when the claim accrues, and it provides that the limitations period begins to run the moment the plaintiff becomes aware that she has suffered an injury or has sufficient information to know that she has been injured. Piotrowski v. City of Houston, 51 F.3d 512, 516 (5th Cir. 1995). The plaintiff need not realize that a legal cause of action exists; she need only know the facts that would support a claim. Id.

The bulk of Plaintiff's allegations are about events that were, on the face of her complaint, known to her far more than one year before she filed this civil action. All such claims are untimely. A claim that is time barred is properly dismissed as frivolous under Section 1915(e)(2)(B)(I). Gonzalez v. Wyatt, 157 F.3d 1016, 1019-20 (5th Cir. 1998); Juarez v. Anderson, 598 Fed. Appx. 297, 298 (5th Cir. 2015).

District courts may raise the defense of limitations sua sponte in an action under Section 1915, Gartrell v. Gaylor, 981 F.2d 254, 256 (5th Cir. 1993), but the court must afford the plaintiff fair notice and an opportunity to present her position. Day v. McDonough, 126 S.Ct. 1675 (2006). This Report and Recommendation affords Plaintiff fair notice of the defense that her claims are untimely, and the objections period that follows affords her a

reasonable opportunity to respond to the defense. See Magouirk v. Phillips, 144 F.3d 348, 359 (5th Cir. 1998) (sua sponte invocation of defense in Report and Recommendation satisfied due process). Assuming Plaintiff cannot overcome the defense, all claims based on events known to Plaintiff prior to her filing a complaint on February 18, 2016 should be dismissed.

**C. The Department**

Plaintiff alleges that the Department failed to protect her children even though Plaintiff reported abuse of the children on several occasions in 2013, 2014, and 2015. She alleges that she reported, for example, that Mr. Mosby had been charged and fined for assaulting his daughter, Mosby abandoned his daughter in an emergency room when the hospital would not commit her to the Brentwood Psychiatric Hospital, and other alleged abuse on "many other occasions" while the children were in care of Mr. Mosby. Plaintiff alleges that the Department failed to take adequate action in response to those complaints to protect her children.

As stated above, Plaintiff's complaints about events that occurred in 2013 and 2014 are untimely. She alleges that she lodged some complaints with the Department in 2015, which are within the window of timeliness, but there is another obstacle to obtaining relief in a federal court. The Eleventh Amendment ordinarily bars suits in federal court brought against a state or state agency or department that is considered an arm of the state. Richardson v. Southern University, 118 F.3d 450, 452 (5th Cir. 1997). When a state or its

arm is a named defendant, the Eleventh Amendment bars suits for money damages or injunctive relief unless the state has waived its immunity or Congress has abrogated the immunity by unequivocally expressing its intent to do so. Cozzo v. Tangipahoa Parish Council–President Government, 279 F.3d 273, 280-81 (5th Cir. 2002).

The Department is part of state government that appears to obtain its funding from the state and be concerned with statewide, as opposed to local, problems. There is every indication that it is an arm of the state within the meaning of the Eleventh Amendment, and other federal courts have found that to be the case. See, e.g., Harmony Center, LLC v. Jindal, 2010 WL 4955167 (M. D. La. 2010) and Schannette v. Doxey, 2013 WL 4516041 (W. D. La. 2013). Louisiana has not waived its immunity from suit in federal court. See La. R.S. 13:5106(A) ("No suit against the state or a state agency or political subdivision shall be instituted in any court other than a Louisiana state court."); Cozzo, 279 F.3d at 281. And Congress did not abrogate the immunity of the states when it enacted Section 1983. Quern v. Jordan, 99 S.Ct. 1139 (1979).

Plaintiff asks the court to return her children to her and compensate her with millions of dollars in damages, but the Eleventh Amendment bars those claims from being asserted against the Department in federal court. The claims should be dismissed without prejudice, which will allow Plaintiff to attempt to assert them in a Louisiana state court that may be able to exercise jurisdiction. See Warnock v. Pecos County, 88 F.3d 341, 343 (5th Cir. 1996) (Eleventh Amendment dismissals are without prejudice).

**Milton Mosby, Sr.**

Plaintiff alleges that Milton Mosby, Sr. is her former husband and the father of her children. She alleges that he sexually assaulted her on June 5, 2014. She states that she "filed charges" against Mosby, but he was not prosecuted because of a conspiracy among the judges, district attorney, and others to allow Mosby to continue in custody of the children.

It is not clear whether Plaintiff attempts to state a claim against Mosby under Louisiana law or Section 1983. There is no basis for a Section 1983 claim because Mosby is a private citizen. The civil rights statute applies only when the defendant (such as a policeman or corrections officer) is acting under color of state law. There is no basis for a Section 1983 claim against a private citizen such as Mosby for a tort-like claim. See West v. Atkins, 108 S.Ct. 2250 (1988) (a Section 1983 plaintiff "must show that the alleged deprivation was committed by a person acting under color of state law"). Accordingly, all Section 1983 claims against Mosby should be dismissed. To the extent Plaintiff is attempting to assert a Louisiana tort law claim against Mosby for attacking her, the court lacks diversity jurisdiction under 28 U.S.C. § 1332 that would allow it to hear the claim; Plaintiff and Mosby are both citizens of Louisiana.

**Attorney Jim Holt**

Plaintiff alleges that she hired attorney Jim Holt in January 2011 to represent her in an effort to get sole custody of her children. Plaintiff states that she paid Holt $8,000, but he did not pursue her case with sufficient aggression, allowed the district attorney to pursue

Plaintiff for fraudulent criminal charges, tried to persuade Plaintiff to enter a diversion plan when she was not guilty, and finally would not respond to her letters or phone calls. Plaintiff alleges that Holt withdrew from her case on October 8, 2015 without informing her or refunding any fees.

Plaintiff's allegations against Holt also have limitation problems, but there are at least some allegations that fall within a window that might give rise to a timely claim. The claims fail, however, for another reason. There is no basis for a Section 1983 claim against Holt because he, like Mosby, is a private citizen rather than a government official or other state actor against whom such a claim could be asserted. Attorneys may be officers of the court, but even attorneys who are court appointed or serve as public defenders are not considered state actors for purposes of Section 1983. Mills v. Criminal Dist. Court No. 3, 837 F.2d 677, 679 (5th Cir. 1988); Amir-Sharif v. Dallas County Public Defenders Office, 233 Fed.Appx. 364, 365 (5th Cir. 2007). An attorney such as Holt who represented a retained client is certainly not a state actor against whom a Section 1983 claim may be asserted.

Plaintiff may have a basis for a state law claim against Holt that she could assert in a proper state court or tribunal, but there is no basis for federal court jurisdiction over a claim against Holt under 28 U.S.C. § 1331 (claim arises under federal law), nor is there diversity of citizenship or a sufficient amount in controversy to permit jurisdiction over a state law claim against Holt under Section 1332. All claims against Holt should be dismissed without

prejudice. Plaintiff may attempt to assert such claims in a state court if they are still timely, but the federal court lacks jurisdiction over her dispute with her former attorney.

**Conclusion**

Plaintiff has asserted several claims against a number of defendants. Most of the claims are untimely on the face of the complaint and others are plainly barred by the doctrine of judicial immunity. The court lacks subject-matter jurisdiction over the state law claims against private individuals, and the Department has Eleventh Amendment immunity from the claims asserted against it. There are no other viable claims presented in the complaint.

Accordingly,

**IT IS RECOMMENDED** that Plaintiff's complaint be dismissed as follows:

(1) All claims against the Department of Children and Family Services should be dismissed, based on the Eleventh Amendment, without prejudice for lack of subject-matter jurisdiction;

(2) All claims against Milton Mosby, Sr. should be dismissed for failure to state a federal claim on which relief may be granted and for lack of diversity jurisdiction over any state law claims;

(3) All claims against Jim Holt should be dismissed for failure to state a federal claim on which relief may be granted and for lack of diversity jurisdiction over any state law claims;

(4) All claims against Judge John Robinson, Judge Jennifer Clason, and Judge Glenn Fallin should be dismissed with prejudice based on judicial immunity; and

(5) All claims against the remaining individual defendants should be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) because they are barred by the statute of limitations.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 22nd day of April, 2016.

Mark L. Hornsby
U.S. Magistrate Judge